UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| OKAYSOU CORPORATION, a California Corporation,<br><br>　　　Plaintiff,<br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" a Foreign Entity<br><br>　　　Defendants | Case No. 1:23-cv-16044<br><br><br>Hon. Robert W. Gettleman |

**FINAL JUDGMENT ORDER**

  This action having been commenced by Plaintiff Okaysou Corporation ("Plaintiff") against the fully interactive, e-commerce stores[1] operating under the seller aliases identified on Schedule A to the Complaint, and specified in more detail on Exhibit 1 attached hereto (collectively "Seller Aliases"), and Plaintiff having moved for entry of Default and Default Judgment against the Seller Aliases (collectively, the "Defaulting Defendants");

  This Court having entered upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants which included an asset restraining order;

  Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

  Defaulting Defendants having failed to answer the Complaint or otherwise plead, and the

---

[1] The e-commerce store names, urls and email addresses are listed on Exhibit 1 attached hereto.

-1-

time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that the Defaulting Defendants hat the Defendants have sold products bearing unauthorized copies of Plaintiff's Registered Trademark (U.S. Trademark Registration No. 5,708,262 for OKAYSOU, issued on March 26, 2019), and Plaintiff's Unregistered Trademarks (including but not limited to APOLLO and CAYMAN) (collectively "Plaintiff's Trademarks")– all for use in connection with air purifiers and similar household appliances (collectively, the "Unauthorized Products") to residents of Illinois.

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful trademark infringement and counterfeiting (15 U.S.C. § 1114) and false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default and that this Default Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. Using the Plaintiff's OKAYSOU, APOLLO, and CAYMAN Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's Product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's Product or any other product produced by Plaintiff, that is not

-3-

      Plaintiff's or it assignors' not produced under the authorization, control or supervision of Plaintiff or Plaintiff's assignor and approved by Plaintiff for sale.

  c. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

  d. further infringing the Plaintiff's Trademarks and damaging Plaintiff's goodwill; and

  e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's Trademarks, or reproductions, counterfeit copies or colorable imitations thereof.

2. Upon Plaintiff's request, any third party with actual notice of this Judgment who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Shopify based websites, eBay Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc. ("Amazon"), ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate, (collectively, the "Third Party Providers") shall, within seven (7) calendar days after receipt of this Order disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff's Copyrighted Designs.

3. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of two hundred thousand dollars ($200,000) for willful use of counterfeit Plaintiff's Marks on products sold through at least the

Defaulting Defendants' Online Marketplaces. The two hundred thousand dollars ($200,000) award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

4. Any Third Party Providers holding funds for Defaulting Defendants, including Stripe, Inc., PayPal, Alipay, Alibaba, Ant Financial, Wish.com, Amazon, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Judgment, permanently restrain and enjoin any financial accounts connected to Defaulting Defendants' Seller Aliases or from transferring or disposing of any funds, up to the above identified statutory damages award, or other of Defaulting Defendants' assets.

5. All monies, up to the above identified statutory damages award, in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Stripe, Inc., PayPal, Alipay, Alibaba, Ant Financial, Wish.com, Amazon, and Amazon Pay, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including Stripe, Inc., PayPal, Alipay, Alibaba, Ant Financial, Wish.com, Amazon, and Amazon Pay, are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within seven (7) calendar days of receipt of this Order.

6. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

7. In the event that Plaintiff identifies any additional online marketplace accounts, or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses provided for Defaulting Defendants by third parties.

8. The ten-thousand-dollar ($10,000) surety bond posted by Plaintiff is hereby released to

-5-

Plaintiff's counsel, YK Law, LLP. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff's counsel.

This is a Default Judgment.

Dated: January 24, 2024

_____
Robert W. Gettleman
United States District Court Judge

EXHIBIT 1

| Name | URL | Email Address |
|---|---|---|
| Atomee Corp. Oksou Amazon Store – Amazon SellerID: A15TTL3MA304DW | https://www.amazon.com/stores/OKSOU/page/79E07E0B-3D55-4BE6-B6E5-13D10297B4F6?ref_=ast_bln | johncao@atomee.com |
| www.oksou.com | www.oksou.com | support@oksou.com finance@oksou.com, johncao@okaysou.com maryanchen@okaysou.com paypal@oksou.com 2275989048@qq.com |
| www.okaysoupro.com | www.okaysoupro.com | support@oksou.com finance@oksou.com, johncao@okaysou.com maryanchen@okaysou.com paypal@oksou.com 2275989048@qq.com |
| www.okaysou.com | www.okaysou.com | support@oksou.com finance@oksou.com, johncao@okaysou.com maryanchen@okaysou.com paypal@oksou.com 2275989048@qq.com |
| www.okaysoubrand.com | www.okaysoubrand.com | support@oksou.com finance@oksou.com, johncao@okaysou.com maryanchen@okaysou.com paypal@oksou.com 2275989048@qq.com |
| www.okaysoustore.com | www.okaysoustore.com | support@oksou.com finance@oksou.com, johncao@okaysou.com maryanchen@okaysou.com paypal@oksou.com 2275989048@qq.com |
| www.shopokaysou.com | www.shopokaysou.com | support@oksou.com finance@oksou.com, johncao@okaysou.com maryanchen@okaysou.com paypal@oksou.com 2275989048@qq.com |
| www.okaysoupro.com | www.okaysoupro.com | support@oksou.com |

|  |  |  |
|---|---|---|
|  |  | finance@oksou.com, johncao@okaysou.com maryanchen@okaysou.com paypal@oksou.com 2275989048@qq.com |
| www.okaysoumall.com | www.okaysoumall.com | support@oksou.com finance@oksou.com, johncao@okaysou.com maryanchen@okaysou.com paypal@oksou.com 2275989048@qq.com |
| www.okaysoubest.com | www.okaysoubest.com | support@oksou.com finance@oksou.com, johncao@okaysou.com maryanchen@okaysou.com paypal@oksou.com 2275989048@qq.com |
| www.okaysouglobal.com | www.okaysouglobal.com | support@oksou.com finance@oksou.com, johncao@okaysou.com maryanchen@okaysou.com paypal@oksou.com 2275989048@qq.com |